GARNER v. GARNER.

NOTES—PAYMENTS—FIGURES.—WRITTEN WORDS in credit on note *held,* under facts in this case, to be controlled by figures, and several receipts and indorsed credits *held* to evidence the same and not different payments.

Before TOWNSEND, J., Union, April, 1904. Affirmed.

Action by Medora Garner, as executrix of J. T. Garner, against M. L. Garner and F. H. Garner, administrators of J. G. Garner, *et al.* From Circuit decree, administrators and certain defendants appeal.

*Messrs. V. E. DePass* and *Hydrick & Sawyer,* for appellants.

*Mr. J. Clough Wallace,* contra.

February 11, 1905. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought by Medora Garner, as executrix of the will of J. T. Garner, against the heirs at law of J. E. Garner, and B. H. Garner, the administrator of his estate, to foreclose certain mortgages held by J. T. Garner, as security for debts owing to him by J. E. Garner. Senior incumbrancers and others interested in the lands were made parties to the suit. The administrator and heirs at law of J. E. Garner appeal from the decree of foreclosure on the ground that the Circuit Court erred in not allowing several disputed payments alleged to have been made by J. E. Garner in his lifetime.

The first question is as to the true meaning and effect of the following indorsement on a note, dated January 10, 1896, for $620: "Rec'd on the within four hundred and seventy-eight and 29-100 dollars. $149.41, 1st Nov., '96; $228.88, 15th Nov., '96." The appellants claim this writing should be regarded evidence of three separate payments amounting to $857.58, which would overpay the note by $237.58. It is true, the evidence discloses very careless dealings between the parties and that, too, as to somewhat complicated business matters; but there is a very strong presumption against such a large overpayment by a debtor who seems to have found it necessary to seek frequent financial assistance. Again, it will be observed there is no date to the written portion of the receipt, the dates being given opposite

the figures below. It seems quite clear, from the form of the writing itself, that the whole indorsement was intended as one receipt, embracing two items, $149.41, November 1, 1896, and $228.88, November 15, 1896. These two amounts aggregate $378.29, instead of $478.29, as written by the creditor. The general rule is that an amount written out is to control rather than one expressed by numerals, when they are meant to be the same. But in this instance, as we have seen, there was no receipt by the creditor of any separate sum of $478.29, but an indorsement to the effect that he had received on November 1st, $149.41, and on November 15th, $228.88, which he wrote as amounting to $478.29, instead of the correct sum, $378.29. · The two payments made amounted to only $378.29, and the debtor should not have any benefit from a mere error in addition.

The next question is whether certain receipts produced by the debtor cover the same items as the above indorsements, or are to be taken as evidence of separate payments on the $620 note. Two of these receipts were dated November 13, 1896, one for $7.70 and the other for $141.60, making together $149.30, an amount only eleven cents less than the indorsed credit of $149.41, indorsed as of November 1, 1896. Another receipt was for $225.18, dated November 18, 1896, being $3.70 less than the credit of $228.88, indorsed as of November 15, 1896. We agree with the Circuit Judge that these receipts and the credits indorsed evidenced the same and not different payments. It is manifest the indorsements on the note were not entered at the time the payments they indicated were made, because there were two items of different dates embraced in one entry. There is no evidence that the creditor kept any books or even memoranda, and it is, therefore, extremely probable he intended the indorsements to express all payments made in the past, depending on memory as to date and amounts. In such circumstances, the closeness in date and amount furnish very strong proof that the receipts evidence the same payments as

the indorsements, especially when it is considered, if all are allowed, the note would have been overpaid by about $300, and still left in the hands of the creditor. When to this is added the fact that no receipt was produced by the debtor for either of the credits indorsed on the note, although he was in the habit of taking and preserving receipts for his payments, the preponderance of the evidence is very strong that the receipts refer to the same payments as the indorsements. All the exceptions to the. decree of the Circuit Court depend on appellant's position as to these credits, and they are, therefore, overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.